## Carroll-Porter Boiler & Tank Co. v. Wheeling Corrugating Co.

1. DRAFTS—*What is an Acceptance.*—Appellee drew a draft upon appellant. Appellant did not accept it formally, but stated, "We have not, to our knowledge, accepted the order as yet, but we will protect your interests when the payments are made to us by the Furnace Company, as we will not pay anything to Messrs. Veach, Dickinson & Mendahl." The question being, was the acceptance of the draft sufficient to bind the appellant, *it was held* not sufficient.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1893, and reversed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

N. M. JONES, attorney for appellant.

APPELLEE'S BRIEF, DEFREES, BRACE & RITTER, ATTORNEYS.

Unless otherwise required by statute, no particular form of words is necessary to make a valid acceptance, but any words showing a clear intent to accept the bill will be sufficient. An acceptance may even be implied from the conduct of the drawee or from other circumstances. 2 Randolph on Com. Paper, Sec. 599.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action commenced by attachment to recover the amount of a draft drawn upon the appellant in favor of the appellee by the firm of Veach, Dickinson & Mendahl.

The circumstances under which the draft came to be drawn were as follows: The appellant had a contract with the Iroquois Furnace Company for building a roof for a casting house at Chicago, and entered into a sub-contract with Veach, Dickinson & Mendahl to do the work. The last mentioned firm purchased from the appellee material for that purpose and issued its draft on the appellant in payment for such material.

This suit was brought, on what appellee contends to be an acceptance of the draft; the appellant, on the other hand, contending that there was no acceptance.

On March 6, 1891, the appellee wrote the appellant advising it of the draft, inclosing a copy, and inquiring whether it would be satisfactory to draw at sight for the amount, attaching the original draft.

The reply is dated March 7th, and says: "Owing to the delay in getting the building on the ground, for which the corrugated iron was intended, we have as yet been unable to get any payment on same, and therefore could not accept your draft on us. We have not, to our knowledge, accepted the order as yet, but we will protect your interests when the payments are made to us by the Furnace Company, as we will not pay anything to Messrs. Veach, Dickinson & Mendahl."

The draft inclosed is as follows:

"NEWARK, O., March 4, 1891.

To the Carroll-Porter Boiler and Tank Co., Penn avenue, Pittsburg, Pa.:

GENTLEMEN: Please pay to order of the Wheeling Corrugating Company, Wheeling, West Va., the sum of six hundred and eighty-three (683) dollars, and charge same to our account for work furnished you for South Chicago, Illinois.

VEACH, DICKINSON & MENDAHL."

May 3, 1891, appellant received from the Iroquois Company payment in full.

Upon the hearing it was not made to appear that at any time appellant was indebted to Veach, Dickinson & Mendahl, the attachment debtors, or had ever had in its hands any property or assets belonging to said last mentioned firm.

The secretary of the appellant company testified as follows: "We are not indebted to Veach, Dickinson & Mendahl in any sum. They are indebted to us. We are not indebted to the Wheeling Corrugating Company, the plaintiffs in this suit, and never had any business or dealing with them. The Carroll-Porter Company entered into an agreement with the Iroquois Furnace Company, of Chicago, for furnace plant; then we sub-let part of the work to Veach, Dickinson & Mendahl. Veach, Dickinson & Mendahl failed to complete the work, as per contract, and we were compelled to finish the work at a loss to our firm. Veach, Dickinson & Mendahl agreed to do the work for $3,357, and as they failed to complete it, we were compelled to complete it at an expense of about $3,900. This leaves Veach, Dickinson & Mendahl in our debt about $500, as we hold them for the difference. We are not indebted to them or the plaintiffs in any sum whatever."

This evidence was not contradicted. After the reply sent to the letter of March 6, 1891, other letters passed between appellant and appellee, but none that we deem as affecting the relation of the parties.

As is stated by counsel for appellee, "the whole controversy turns upon the question of whether or not there was an acceptance of the draft sufficient to bind the appellant."

The language upon which such acceptance is claimed is as follows:

"We have not to our knowledge accepted the order as yet, but will protect your interests when the payments are made to us by the Furnace Company, as we will not pay anything to Messrs. Veach, Dickinson & Mendahl."

Two promises are here, it is said, made:

First, that the interests of appellee shall be protected.

Second, that appellants will not pay anything to Messrs. Veach, Dickinson & Mendahl.

As to, the first, the only interests of appellee with which appellants had, or it was expected could have, any connection and would protect, was that appellant might at some time have in its hands property belonging to Veach, Dickinson & Mendahl or be owing something to them. If this condition occurred, it would be for the interest of appellee that appellant, instead of turning such property over or paying such indebtedness to Veach, Dickinson & Mendahl, should hold the same for the benefit of appellee.

Appellant never did have any property belonging to Veach, Dickinson & Mendahl, and never owed or paid them anything. There was, therefore, no failure of either of the promises said to have been made by appellant.

We regard this undertaking of appellant as merely a promise that they would not pay anything to Veach, Dickinson & Mendahl; the second clause qualifies the first, and clearly shows in what way it promised to protect the interests of appellee.

There was in no respect an absolute acceptance by appellant of the draft made by appellee.

The utmost that can be claimed is, that there was an acceptance to the extent and upon the condition that appellant should become indebted to Veach, Dickinson & Mendahl. This condition never happened.

The judgment of the Circuit Court is therefore reversed, and the case having been tried without a jury, we will here enter a judgment on a finding of fact.